IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.: 2010-CA-012452-O

COMPLEX BUSINESS LITIGATION
COURT

**JURY TRIAL DEMANDED**

MILLENIA GALLERY, LLC,

Plaintiff,

v.

DEWITT STERN GROUP, INC.,

Defendant.

_____ /

### AMENDED COMPLAINT

COMES NOW Millenia Gallery, LLC ("Millenia"), a Florida limited

liability company, by and through its undersigned counsel, and sues DeWitt Stern

Group, Inc. ("DeWitt"), a New York corporation, and states as follows for its suit:

### Jurisdiction and Venue

1.     Millenia is a Florida limited liability company resident doing business

in Orange County, Florida.

2.     DeWitt is a New York corporation that was doing business in Orange

County, Florida at all times relevant to this suit.



3.     The amount in controversy in this case exceeds seventy-five thousand dollars ($75,000.00) excluding interest, attorneys' fees and costs.

4.     This Court has jurisdiction over DeWitt pursuant to Florida's long-arm statute, section 48.193, *Florida Statutes*. DeWitt conducted business in Florida, committed a tortious act in Florida, contracted to insure property and risk located within Florida at the time of contracting, and breached such contract in Florida by failing to perform the acts required by the contract to be performed in Florida. *See* §§ 48.193(1)(a)-(b), (1)(d), (1)(g), *Florida Statutes*. Jurisdiction over DeWitt is consistent with due process, as DeWitt had sufficient contacts with Florida at all relevant times and such jurisdiction comports with traditional notions of fair play and substantial justice.

5.     As a result of DeWitt's bad acts, Millenia has been harmed and damages have accrued in Orange County, Florida.

6.     The conditions precedent to the bringing of this action have occurred, been waived or would otherwise be futile to perform.

### General Allegations

7.     DeWitt is an insurance broker that has performed insurance brokerage services for Millenia.

8.     At all times relevant to this lawsuit, Millenia was an art gallery.

9.    DeWitt procured insurance coverage for Millenia that included coverage in the amount of one million dollars ($1,000,000.00) for employee theft.

10.   DeWitt procured Federal Insurance Company Policy No. 68012467 for Millenia that included coverage in the amount of one million dollars ($1,000,000.00) for employee theft (the "Crime Policy").

11.   On or about July 28, 2008, DeWitt wrongfully failed to renew the Crime Policy despite instructions prohibiting such non-renewal unless certain requirements were met, which had not been met.

12.   Subsequent to DeWitt's non-renewal, Millenia suffered significant damages from employee theft.

13.   Millenia made demands on Millenia's insurance carrier for coverage of the employee theft; however, such carrier declined coverage citing the failure to renew the Crime Policy which non-renewal was the fault of DeWitt.

## Count I
### *Negligence*

14.   Millenia incorporates by reference paragraphs one (1) through thirteen (13) of the Complaint as if fully reinstated herein.

15.   DeWitt owed a duty of reasonable care under the circumstances to Millenia.

16.   DeWitt breached its duty owed to Millenia.

17.   As a result of DeWitt's breach, Millenia was harmed and suffered damages.

## Count II
### Breach of Fiduciary Duty

18.   Millenia incorporates by reference paragraphs one (1) through thirteen (13) of the Complaint as if fully reinstated herein.

19.   DeWitt, as an insurance broker, owed a fiduciary duty to Millenia, its client.

20.   DeWitt breached its fiduciary duty owed to Millenia.

21.   As a result of DeWitt's breach, Millenia was harmed and suffered damages.

## Count III
### Breach of Contract

22.   Millenia incorporates by reference paragraphs one (1) through thirteen (13) of the Complaint as if fully reinstated herein.

23.   Millenia had an agreement with DeWitt to procure crime insurance that covered employee theft.

24.   DeWitt breached that agreement which was to have been performed in less than one (1) year.

25.   As a result of DeWitt's breach, Millenia was harmed and suffered damages.

## Count IV
### *Estoppel*

26.    Millenia incorporates by reference paragraphs one (1) through thirteen (13) of the Complaint as if fully reinstated herein.

27.    DeWitt agreed that it would procure insurance pursuant to the directions of Millenia, which included procuring insurance that included crime coverage for employee theft.

28.    DeWitt did not procure insurance for Millenia that included crime coverage for employee theft as required and agreed.

29.    Millenia reasonably relied on DeWitt's agreement to procure insurance as directed by Millenia, i.e. to procure crime coverage for employee theft.

30.    Millenia has been damaged as result of DeWitt's failure to procure insurance as required and agreed.

31.    DeWitt is estopped from denying coverage to Millenia under these circumstances.

## Jury Trial Demand

32.    Millenia demands a jury trial for those claims so triable.

33.    Millenia demands Attorneys' Fees and costs pursuant to Florida's statute providing for fees in disputes against an insurer as DeWitt has become.

## Prayer for Relief

WHEREFORE, Plaintiff, Millenia Gallery, LLC, requests the Court enter judgment against Defendant, DeWitt Stern Group, Inc., for actual damages, consequential damages, pre and post judgment interest from the date of Plaintiff's loss at the lawful rate, attorneys' fees, costs and such other and further relief as the Court deems just and proper.

/s/ *W. DREW SORRELL*
W. DREW SORRELL
Florida Bar No. 0160903
drew.sorrell@lowndes-law.com
RACHEL D. GEBAIDE
Florida Bar No. 157600
rachel.gebaide@lowndes-law.com
Lowndes, Drosdick, Doster, Kantor
& Reed, P.A.
450 S. Orange Avenue, Ste. 800
Post Office Box 2809
Orlando, Florida 32802-2809
Telephone:   (407) 843-4600
Facsimile:   (407) 843-4444
*Attorneys for Plaintiff*
*Millenia Gallery, LLC*